FILED
HARRISBURG, PA
SEP 27 2019
PER _____ MCM
DEPUTY CLERK

# UNITED STATES DISTRICT COURT
# FOR THE
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANCIS M. MUMMA, *pro se* | ) |
| | ) |
| Plaintiff | ) Case No.: 1:19-cv-1669 |
| | ) |
| v. | ) **COMPLAINT AND DEMAND** |
| | ) **FOR JURY TRIAL** |
| PORTFOLIO RECOVERY | ) |
| ASSOCIATES, LLC, | ) (Unlawful Debt Collection Practices) |
| | ) |
| Defendant | ) |

## **COMPLAINT**

FRANCIS M. MUMMA ("Plaintiff"), *pro se,* hereby alleges the following

against

PORTFOLIO RECOVERY ASSOCIATES, LLC ("Defendant").

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et. seq.* (FDCPA).

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. §1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. §1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the Commonwealth of Pennsylvania and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. §1391(b)(1).

5. Declaratory relief is available pursuant to 28 U.S.C. §2201 and 2202.

## PARTIES

6. Plaintiff is a natural person residing in Hanover, Pennsylvania 17331.

7. Plaintiff is a "consumer" as the term is defined pursuant to 15 U.S.C. §1692a(3).

8. Defendant is a "debt collector" as the term is defined pursuant to 15 U.S.C. §1692a(6).

9. Defendant operates nationally, as a debt collection company with corporate headquarters located at 120 Corporate Boulevard, Norfolk, Virginia 23502.

## FACTUAL ALLEGATIONS

10. Plaintiff does not have any past or present established relationship with Defendant.

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

12. At all relevant times, Defendant was attempting to collect an alleged consumer debt from Plaintiff.

13. The alleged debt at issue arose out of transactions, which were primarily for personal, family or household purposes.

14. At all times, Plaintiff disputes owing any alleged debt.

15. On or about September 29th, 2018 Defendant sent a debt collection notice to Plaintiffs address, demanding payment of an alleged credit card debt.

16. On October 20th, 2018 Plaintiff sent a debt validation request to the Defendant, pursuant to 15 U.S.C. §1692g(b) and disputed the debt.

16. Plaintiff notified Defendant to cease and desist from collection of the alleged debt, because the debt was past the four (4) year statute of limitations and time barred pursuant to Pennsylvania law at 42 Pa. C.S. §5525(a).

17. Defendant, willfully continues to unlawfully attempt collection on an alleged debt, for which it is statutorily time barred from collecting pursuant to 42 Pa. C.S. §5525(a) and the Fair Credit Extension Uniformity Act (FCEUA) 73 P.S. §2270.4(a).

## CONSTRUCTION OF LAW

18. The FDCPA is a strict liability statute. *Taylor v. Perrin, Landry, deLaunay & Durand,* 103 F. 3d 1232 (5th Cir. 1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." *Russell v. Equifax A.R.S.,* 74 F. 3d 30 (2d Cir. 1996); *see also Gearing v. Check Brokerage Corp.,* 233 F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA); *Clomon v. Jackson,* 988 F. 2d 1314 (2d Cir. 1993).

19. The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor. *Sprinkle v. SB&C Ltd., 472 F. Supp. 2d 1235 (W.D. Wash. 2006)*. The remedial nature of the FDCPA requires that courts interpret it liberally. *Clark v. Capital Credit & Collections Services, Inc., 460 F. 3d 1162 (9th Cir. 2006)*. "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C. §1601 *et. seq.*, is a remedial statute, it should be construed liberally in favor of the consumer." *Johnson v. Riddle, 305 F. 3d 1107 (10th Cir. 2002)*.

20. The FDCPA is to be interpreted in accordance with the "least sophisticated" consumer standard. *See Jeter v. Credit Bureau, Inc., 760 F. 2d 1168 (11th Cir. 1985); Graziano v. Harrison, 950 F. 2d 107 (3rd Cir. 1991); Swanson v. Southern Oregon Credit Services, Inc., 869 F. 2d 1222 (9th Cir. 1988)*. The FDCPA was not "made for the protected of experts, but for the public- that vast multitude which includes the ignorant, the unthinking, and the credulous, and the fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced." *Id.* The least sophisticated consumer standard serves a dual purpose in that it ensures protection of all consumers, against liability for bizarre or idiosyncratic interpretations of collection notices. *Clomon, 988 F. 2d at 1318*.

## COUNT I
## DEFENDANT VIOLATED
## THE FAIR DEBT COLLECTION PRACTICES ACT

21. In its action to collect a disputed debt, Defendant violated the Fair Debt Collection Practices Act (FDCPA) in one or more of the following ways:

   a. Defendant violated 15 U.S.C. §1692e(2)(A) by misrepresenting the character, amount or legal status of the alleged debt. In that, Defendant has no verifiable proof that Plaintiff owes any alleged debt. And, even if Plaintiff did owe the alleged debt in question the Defendant is time barred from collection on said debt pursuant to Pennsylvania Statute;73 P.S. §2270.4(a) and Pennsylvania Code; 42 Pa. C.S. §5525(a)(1), thus establishing Defendant has misrepresented the character, amount and/or legal status of the alleged debt.

   c. Defendant violated 15 U.S.C. §1692d, in that Defendant used the U.S. postal system to send collection notices to Plaintiff, in an attempt to collect on an alleged debt, that Defendant known or should have known was past the statute of limitations to collect. The proximate cause of which was to harass, oppress, embarrass or otherwise intimidate the Plaintiff to pay monies not duly owed to the Defendant.

   d. Defendant violated 15 U.S.C. §1692f and §1692f(1), in that Defendant sent unverified documents in the mail to Plaintiff that purported to

reflect dollar amounts not authorized and/or recognized by Plaintiff as authentic, accurate and/or complete. Such actions by Defendant, only served to coerce, intimidate, oppress, and/or harass Plaintiff into making money payments to Defendant, for an alleged debt that was not legally owed by Plaintiff.

## COUNT II
## VIOLATIONS OF THE FAIR CREDIT EXTENTION UNIFORMITY ACT (FCEUA) 73 P.S. §2270.4(a)

22. Plaintiff incorporates all preceding paragraphs and realleges the same herein as if fully set forth at length.

23. Defendant has violated the FCEUA pursuant to 73 P.S. §2270.4(a), in that, Defendant failed *per se* to comply with the 15 U.S.C. §1692 *et.seq.* FDCPA. The FCEUA states in relevant parts as follows;

*"PENNSYLVANIA STATUTES*
*TITLE 73.*
*TRADE AND COMMERCE CHAPTER 42.*
*FAIR CREDIT EXTENSION UNIFORMITY ACT*

*"73 P.S. § 2270.4 (2007);*

*§ 2270.4. Unfair or deceptive acts or practices (a) BY DEBT COLLECTORS.-- It shall constitute an unfair or deceptive debt collection act or practice under this act if a debt collector violates any of the provisions of*

*the Fair Debt Collection Practices Act (Public Law 95-109, 15 U.S.C. § 1692 et seq.)".*

24. Plaintiff contends that Defendant violated the FCEUA, in that Defendant failed to comply with the requirements as set forth in 15 U.S.C §1692 et seq., in regards to the collection of an alleged debt.

## COUNT III
### VIOLATION OF STATE STATUTES OF LIMITATIONS
### 42 Pa. C.S. §5525(a)(1)

25. Plaintiff incorporates all preceding paragraphs and realleges the same herein as if fully set forth at length.

25. Defendant violated and continues to violate the four (4) year Statute of Limitations as prescribed by the Pennsylvania legislature pursuant to 42 Pa. C.S. §5525(a)(1), wherein it states;

> "*§ 5525. Four year limitation.*
>
> *a. General rule.--Except as provided for in subsection (b), the following actions and proceedings must be commenced within four years:*
>
> *1. An action upon a contract, under seal or otherwise, for the sale, construction or furnishing of tangible personal property or fixtures*".

26. Defendant has willfully ignored and continues to ignore the enacted law of the Pennsylvania legislature, by attempting to collect an alleged debt that is past the time allowed by law to collect, to Plaintiff's detriment.

   **WHEREFORE**, Plaintiff, FRANCIS M. MUMMA, respectfully prays this Honorable Court enter judgment as follows:

   a. Any and all actual compensatory damages suffered pursuant to 15 U.S.C. §1692k(a)(1).

   b. Statutory damages of $1000.00 for the violation of the FDCPA pursuant to 15 U.S.C. §1692k(a)(2)(A).

   c. Any statutory damages allowed by Pennsylvania law pursuant to violations of 73 P.S. §2270.4(a)

   d. Any and all reasonable fees and costs of litigation, witness fees and to include time and energy spent maintaining this action.

   e. Any other relief deemed appropriate by the Honorable Court.

## DAMAND FOR JURY TRIAL

Please take NOTICE that Plaintiff, FRANCIS M. MUMMA, hereby demands a trial by jury in this case.

RESPECTFULLY SUBMITTED,

By: *[signature]*
Francis M. Mumma, *pro se*
235 Meade Avenue
Hanover, Pennsylvania 17331